THE STATE OF OHIO, APPELLEE, *v.*
SHEPARD, APPELLANT.

(No. 83 CA 11—Decided
December 2, 1983.)

*Mr. Philip S. Schneider,* prosecuting
attorney, for appellee.

*Mr. Lawrence W. Henke III* and *Mr.
Charles F. Buck,* for appellant.

BROGAN, P.J. This is an appeal from a
denial of a motion for a new trial based on
newly discovered evidence by the Cham-
paign County Court of Common Pleas.

Ernest Eugene Shepard, defendant-
appellant, was convicted of three counts
of aggravated murder on September 2,
1976.

On May 27, 1977, appellant filed a mo-
tion for a new trial based on newly discov-
ered evidence. The Champaign County
Court of Common Pleas rejected this mo-
tion on September 27, 1977. This appeal is
from that ruling.

Appellant seeks a new trial based on
newly discovered evidence. More specifi-
cally, appellant seeks to introduce a news-
paper article appearing in the Dayton
Daily News on August 26, 1976 to show
that another person may have been trying
to kill the decedent, James Lee Brake.
The Armstrongs, stepfather and mother
of Brake, were the parties in the article.
Appellant offers this newly discovered
evidence solely for the jury's considera-
tion.

Appellant asserts two assignments of
error:

"I.  The trial court committed preju-
dicial error by overruling the defendant's
motion for a new trial based on newly
discovered evidence.

"II. For all the errors which appear
on the face of the record."

Appellant's motion for a new trial
was not timely filed. Crim. R. 33(B) pro-
vides in part:

"Motions for new trial on account of
newly discovered evidence shall be filed
within one hundred twenty days after the
day upon which the verdict was rendered,
or the decision of the court where trial by
jury has been waived. If it is made to ap-
pear by *clear and convincing proof* that
the defendant was unavoidably prevented
from the discovery of the evidence upon
which he must rely, such motion shall be
filed within seven days from an order of
the court finding that he was unavoidably
prevented from discovering the evidence
within the one hundred twenty day
period." (Emphasis added.)

Appellant states that the evidence
was not discovered until two hundred

twenty-five days after the jury verdict of September 2, 1976. Appellant discovered the evidence on April 15, 1977 and filed a motion for a new trial on May 27, 1977, forty-two days after his discovery. There is no evidence in the record that indicates appellant made a motion for a court order to find he was "unavoidably prevented" from discovering the evidence. Appellant made no attempt to mitigate his delay in filing the motion.

Further, appellant offers no clear and convincing proof that he was unavoidably delayed in discovering the evidence. Appellant asserts only that the prosecutor and/or the sheriff withheld this information during the trial. However, appellant was given a copy of the list of potential witnesses, and the Armstrongs were on that list. The prosecutor elected not to call the Armstrongs as witnesses, but this did not prevent appellant from calling them to the stand. The Armstrongs did not make a written statement to the police and were not part of the prosecution's case.

Appellant was given all of the allowable information of the prosecution's case by way of discovery. Appellant asserts no objection in this appeal to the discoverable evidence. Appellant offered no evidence that the prosecution or sheriff concealed any discoverable material, nor did appellant attempt to prove he was prevented from discovering any of the evidence.

Furthermore, the evidence presented is a newspaper article that appeared during the trial. The article appeared on August 26, 1976 and the trial was from August 13, 1976 through September 2, 1976. The article was of equal access to the prosecutor and appellant. It was the duty of appellant to secure a copy of this article within a reasonable time thereafter.

Therefore, we conclude that appellant could have met the statutory requirement of one hundred twenty days after the verdict to file this motion.

Additionally, appellant does not meet the standards of Crim. R. 33(A)(6).

Crim. R. 33(A)(6) provides in part:

"When new evidence material to the defense is discovered, which the defendant could not with *reasonable diligence* have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, *the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given,* * * *." (Emphasis added.)

Thus, appellant must meet three requirements of Crim. R. 33(A)(6) to prevail. First, appellant must have used reasonable diligence in trying to find the evidence. Second, appellant must present affidavits to inform the trial court of the substance of the evidence that would be used if a new trial were to be granted. Third, the evidence presented must be of such weight that a different result would be reached at the second trial.

The reasonable diligence requirement infers that an attorney will use reasonable efforts and reasonable foresight to procure evidence. *State* v. *Kiraly* (1977), 56 Ohio App. 2d 37, 51-54 [10 O.O.3d 53]. An attorney must use reasonable diligence to secure newly discovered evidence within a reasonable time after the trial.

Appellant discovered the evidence two hundred twenty-five days after the verdict. The newspaper article appellant offers as newly discovered evidence appeared during the trial. This article was of equal access to both parties, and a copy of it could have been secured during the trial or shortly thereafter.

Additionally, the Armstrongs were on the list of witnesses given to appellant upon discovery. The Armstrongs did not give a written statement to the police. Appellant offers no evidence that the prosecutor or sheriff withheld any evidence. The prosecutor gave all discoverable material to appellant and there is no proof that any evidence was withheld. Appellant fails to meet the element of reasonable diligence.

The requirement of affidavits is used

to show what new evidence would be presented at the new trial if one were to be granted. *State* v. *Petro* (1947), 148 Ohio St. 505 [36 O.O. 165]. Appellant presented no affidavits to sustain his claim. Therefore, the second element of Crim. R. 33(A)(6) is not met.

The third element of Crim. R. 33(A)(6) requires that the evidence presented on a motion for a new trial based on newly discovered evidence must be great enough so that a different result would be reached at the second trial. *State* v. *Petro, supra; State* v. *Williams* (1975), 43 Ohio St. 2d 88 [72 O.O.2d 49]. Unless the court finds that a different verdict would be reached, a motion for a new trial based on newly discovered evidence should not be granted. *State* v. *Petro, supra.*

The granting of a motion for a new trial is within the sound discretion of the trial court. An appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion. 27 Ohio Jurisprudence 3d (1981) 657, Section 1343. There was no abuse of discretion in the case at bar.

Appellant, in his brief, states that the newly discovered evidence would be "introduced for the jury's consideration" at the new trial. This does not meet the evidentiary requirement under Crim. R. 33(A)(6). The evidence in question must be such that it would overturn the verdict of the original trial.

The Armstrongs' statements in the article would not overturn the verdict. The "other person" who was allegedly trying to kill decedent Brake could not be identified by the Armstrongs. Nor could the Armstrongs give a detailed description that could lead to an identification. Appellant also asserts that the letters of Brake would indicate that decedent Joyce Sells intended to commit suicide. Again, this information was asserted in the Armstrongs' statements appearing in the article. Appellant offers no proof that the police withheld these letters. More importantly, there is nothing in the record to in-

dicate Sells died from self-inflicted wounds. The assertion that Sells was contemplating suicide has no bearing on the resolution of this case.

Appellant presents no evidence and no affidavits that could lead to a different conclusion by a second jury. Appellant does not meet the third element of Crim. R. 33(A)(6).

Appellant's first assignment of error is overruled.

Assignment of Error No. II is not a valid error upon which to base an appeal. This court has consistently held that it would not recognize such an assignment of error. See, *e.g., State* v. *Gilmer* (Nov. 30, 1978), Montgomery App. No. 6008, unreported.

The second assignment of error is completely without merit.

The trial court correctly denied the motion for a new trial based on newly discovered evidence. The judgment of the trial court is sustained.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.