OPINION
The State of Ohio appeals the granting of a new trial to appellee, Rasheem Matthews, on the basis of res judicata, abuse- of discretion and lack of basis. It resulted from Matthews' third "Motion for Order Finding that Defendant was Unavoidably Prevented from Discovering Evidence", fourth motion for a new trial, and a Petition for Postconviction Relief under R.C.2953.21 claiming ineffective assistance of counsel. In a lengthy written opinion and order, Judge Gaul granted appellee's motion for new trial. We reverse the order granting a new trial and remand the case for a determination of the petition for postconviction relief.
On October 16, 1989, Wayne Price was shot to death. In March 1990, Theodore Roulette, then incarcerated at the City of Cleveland jail and facing several felony charges, gave the Cleveland Police a statement that he had witnessed Rasheem Matthews shoot Price.
On April 2, 1990, Matthews was indicted for the murder of Wayne Price with a firearm. On June 22, 1990, a mistrial resulted when the jury was unable to reach a verdict. The second trial resulted in a guilty verdict on August 3, 1990, and a sentence of fifteen years to life, consecutive to a three-year term of actual incarceration for the firearm specification in the indictment.
The state relied upon the testimony of two witnesses to connect Matthews to Prices murder. Roulette, who then had a total of seven pending felony charges in three cases against him, claimed that he did not expect to receive any consideration from the state in exchange for his testimony. Charles Paxton, a jailhouse informant, had pled guilty to theft and extortion, been sentenced on May 21, 1990, to eighteen months in prison and was then incarcerated. He too claimed he had not and did not expect to receive any consideration from the state in exchange for his testimony that Matthews had confessed killing Price to him.
During his closing remarks, Assistant County Prosecutor Marino repeatedly told the jury that no plea bargains had been discussed or mace with these men up to that time and none would be made in the future. At one point, he stated:
The cross-examination of witnesses like Roulette and Paxton saying, well, what happens a year from now or two years from now when nobody else is around, means to suggest to you that we are going to surreptitiously behind your back stand here and tell you one thing and then lie to you; go to somebody else and a say now that the case is over lets give this guy a break. You know that's not fair really because we live our life as morally as you live yours. We accept your tax money to uphold the public trust --- which means being honest with you. I know, but it seems when the point comes, there is no deal made by us with any of the individuals.
The detailed narration of the trial testimony is set forth inState of Ohio v. Matthews (1992), 80 Ohio App.3d 409,609 N.E.2d 574, motion for leave to appeal overruled, 65 Ohio St.3d 1440,600 N.E.2d 683.
On August 16, 1990, ten days after Matthews was sentenced, Roulette pled guilty to three misdemeanor offenses on amended indictments in his pending cases with the other counts and specifications nolled or deleted. The sentence of three six-month consecutive terms of incarceration was suspended and he was placed on probation for five years.
On August 16, 1990, Paxton filed a motion to withdraw his guilty pleas in the cases outlined above. On August 17, 1990, Assistant Prosecutor Marino, who had no prior involvement in Paxton's prosecution, appeared, made no objection to the motion being granted and then offered the court two amended indictments to which Paxton was prepared to plead immediately. The court allowed the post-sentence withdrawal of the guilty pleas and Paxton entered guilty pleas to a first degree misdemeanor in his first case and a second degree misdemeanor in the second. His jail time of less than one year was suspended and he was given a probation period of five years.
On September 5, 1990, Matthew's trial lawyer filed an appeal of his conviction, and on November 27, 1990, a motion for new trial. The motion was based upon prosecutorial misconduct and the Roulette plea bargain, but no mention was made of the Paxton plea bargain. The trial court denied the motion, which was appealed and consolidated with the pending appeal of his conviction.
On April 19, 1991, Matthews' trial lawyer filed a "Motion for Order Finding that Defendant was Unavoidably Prevented from Discovering Evidence" and a second motion for new trial. In those motions appellee contended that someone else had confessed to the murder of Price. Again, no mention was made about the Paxton plea bargain. The concurrent motions were denied and no appeal was taken.
On June 1, 1992, this court affirmed the conviction and the trial courts denial of Matthews' first motion for new trial. In so doing, we stated:
 [T]here is ample evidence to suggest that Roulette at least did in fact receive just what the assistant county prosecutor said he would not give him.
 The sequence of events subsequent to the trial create a strong inference that Roulette, the sole eyewitness, did receive consideration for his testimony.
Matthews, 80 Ohio App.3d at 417, 609 N.E.2d at 579.
In his dissent, Judge Sweeney stated:
 The record is clear, and the majority correctly recognizes, that at least as to Roulette (the sole eyewitness to the shooting), an understanding between the state and the witness had been reached at the time of this trial regarding Roulette's present testimony and considerations to be extended by the state on his behalf in sentencing on a pending unrelated multiple felony case.
Id. at 419, 609 N.E.2d at 580.
On July 16, 1992, Matthews' trial lawyer filed a second "Motion for Order Finding that Defendant was Unavoidably Prevented from Discovering Evidence" and a third motion for new trial. Matthews presented deposition testimony from Roulette in which he recanted his trial testimony, denied being a witness, admitted he lied under oath at trial, and agreed to a deal with the prosecutor before he testified at appellee's trial. Again, no mention was made of the Paxton plea bargain. These motions were denied and no appeal taken.
On June 21, 1995, through another lawyer, Matthews filed the instant motions through which the Paxton plea bargain was the gravamen. Following a hearing on April 2, 1996, Judge Gaul issued a lengthy opinion and order granting a new trial. He did not, however, address the petition for postconviction relief in which appellee claimed his trial counsel was ineffective.
The state appealed his decision, and on May 28, 1996, this court denied the state's motion for leave to appeal. On May 6, 1998, the Supreme Court of Ohio reversed this courts decision and remanded the cause for further proceedings. State v. Matthews
(1998), 81 Ohio St.3d 375, 691 N.E.2d 1401.
The state has presented three assignments of error. We will address the second and third assignments first.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE DEFENDANTS MOTION FOR A NEW TRIAL.
 III. THE TRIAL COURT ERRED BECAUSE THERE IS NO BASIS FOR THE GRANTING OF DEFENDANTS MOTION FOR A NEW TRIAL.
The state contends that Matthews failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the evidence material to his case as required under Crim.R. 33.
Crim.R. 33 provides in pertinent part:
(A) Grounds
A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
(6) When new evidence material to the defense is discoveredwhich the defendant could not with reasonable diligence havediscovered and produced at the trial.
(B) Motion for new trial; form, time
Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear byclear and convincing proof that the defendant was unavoidablyprevented from the discovery of the evidence upon which he mustrely, such motion shall be filed within seven days from an orderof the court finding that he was unavoidably prevented fromdiscovering the evidence within the one hundred twenty dayperiod.
(Emphasis added.)
The syllabus of State v. Sheppard (1983), 13 Ohio App.3d 117,468 N.E.2d 380, states:
 1. In order to prevail on a motion for a new trial based on newly discovered evidence pursuant to Crim.R. 33(A)(6), the defendant must meet three requirements: (1) he used reasonable diligence in trying to find the evidence; (2) he must present affidavits to inform the trial court of the substance of the evidence that would be used if a new trial were to be granted; and (3) the evidence presented must be of such weight that a different result would be reached at the second trial.
(Emphasis added.)
In State v. Williams (1975), 43 Ohio St.2d 88, 330 N.E.2d 891, the second paragraph of the syllabus provides:
 2. The allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed.
At the hearing before Judge Gaul, Matthews argued that he did not discover Paxtons fortuitous release from jail because it was inconceivable that Paxton would be allowed to withdraw his guilty plea almost ninety days after sentencing. Matthews' trial attorney, despite ascertaining the Roulette plea bargain, apparently never followed up on whether Paxton also received a plea bargain.
This explanation for Matthews' failure to discover the evidence about Paxton for almost five years does not satisfy the standards for the granting of a new trial. Matthews had the burden to prove by clear and convincing evidence, "a firm belief or conviction" with the trier of fact, that he used reasonable diligence to discover that Paxton also had a deal with the state. Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph two of the syllabus (defining clear and convincing standard of proof). Matthews' trial attorney discovered Roulette's arrangement within the one-hundred-and-twenty-day-period provided by Crim.R. 33 and could have discovered Paxton's arrangement as well given that each was a public record.
Accordingly, the states second and third assignments of error are well taken. For these reasons, we reverse the trial courts order granting appellee a new trial. As a result of our resolution of the states second and third assignments of error, its first assignment of error, listed in the appendix, need not be addressed. See App.R. 12(A)(1)(c)
The trial court did not address Matthew's petition for post conviction relief, because it granted his motion for new trial. Matthews' petition for postconviction relief remains pending, and we remand this cause to the trial court to determine whether Matthews received ineffective assistance of trial counsel.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JANES D. SWEENEY, J., CONCUR;
 JOHN T. PATTON, P.J., CONCURS INJUDGMENT ONLY.
ANNE L. KILBANE
 APPENDIX
The state's first assignment of error reads:
 I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR A NEW TRIAL BECAUSE RES JUDICATA, ISSUE PRECLUSION, OR COLLATERAL ESTOPPEL BARRED THE GRANTING OF THE MOTION.