I respectfully disagree with the majority and would affirm the trial court's denial of the defendant-appellant's motion for leave to file a motion for a new trial.
This case arises from an incident on December 1, 1997, in which the appellant was arrested and charged with a single count of felonious assault, R.C. 2903.11, carrying with it a notice of prior conviction under R.C. 2929.13(F)(5). The appellant was convicted, as charged, and sentenced to two years imprisonment, but granted an appeal bond. His conviction was affirmed by this court in State v. Earl Taylor (Dec. 9, 1999), Cuyahoga App. No. 75208, unreported. The Supreme Court of Ohio denied leave to appeal and dismissed the case in State v. Earl Taylor (Apr. 19, 2000), Case No. 00-220, unreported. The appellant then filed a motion for leave to file a motion for a new trial and a motion to reinstate bond, which were denied by the trial court.
Patricia Garrett was the victim of the felonious assault by the appellant on December 1, 1997. At trial, the appellant argued that the victim sustained her injuries as a result of a seizure. However, ample evidence was presented at trial which showed that the victim could not have sustained such injuries as a result of a fall related to a seizure. Accordingly, the appellant was convicted by the trial court and the conviction was affirmed by this court. On November 7, 1999, the victim of the assault, Patricia Garrett, died as a result of a seizure episode. The autopsy report noted the injuries sustained during the seizure episode concluded she died as a result of a seizure and concluded that she had engaged in chronic alcohol abuse. The appellant seeks to introduce evidence from this autopsy report and associated events as support for his motion for new trial. For the following reasons, the defendant-appellant's appeal is not well taken.
The defendant-appellant's sole assignment of error states:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE.
The appellant spends considerable time stating the requirements for a motion for leave to file a motion for a new trial due to newly discovered evidence. The appellant clearly states the grounds for granting a new trial pursuant to Crim.R. 33 and the recent decisions related to motions for leave to file a motion for a new trial. However, the appellant fails to state how the newly discovered evidence would be of such weight that a different result would be reached at a second trial.
Crim.R. 33(A)(6) requires that the purported newly discovered evidence must be of such weight that a different result would be reached at a second trial. State v. Shepard (1983), 13 Ohio App.3d 117, 119. The determination of such matters rests in the sound discretion of the trial court, whose decision will not be set aside except for a clear and manifest abuse of discretion. State v. Hawkins(1993), 66 Ohio St.3d 339. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Keenan (1998),81 Ohio St.3d 133. Where there is competent and credible evidence supporting a trial court's decision, an appellate court should not substitute its judgment for that of the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71.
In the case at hand, the appellant asserts that information on the victim's bruising patterns is so compelling that it requires granting him a new trial. However, the appellant has failed to present any substantiated argument which would lead this court to believe that a different result would be reached at a second trial. Crim.R. 33(A)(6) is discretionary and the trial court, already very familiar with the facts of the case, lawfully exercised its discretion to deny the motions. At his original trial, the state presented testimony of the victim about the appellant's attack upon her, unrebutted medical testimony that the victim had been beaten, and that the injuries were inconsistent with the explanation provided by the appellant. The attending physician testified that in eight years of neurology practice he had never written as strongly-worded a report as he did about the victim, so completely was he convinced that she had been beaten.
The defendant was properly convicted, as the trial court, this court, and the Supreme Court of Ohio have already held. The appellant has failed to persuasively argue that the purported newly discovered evidence would change the outcome of his trial. As such, there is no indication that the trial court abused its discretion in denying appellant's motion for leave to file a motion for a new trial. Accordingly, I am of the mind that, absent a showing of abuse of discretion, the trial court ought be affirmed.