This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the state, appeals the decision of the Lorain County Court of Common Pleas granting appellee's, Nicholas Vonya ("Vonya"), motion for a new trial. We affirm.
 I.
On May 11, 1999, the grand jury indicted Vonya on rape, in violation of R.C. 2907.02(A)(2) and kidnapping, in violation of R.C. 2905.01(A)(4). The alleged victim of this indictment was a seventeen year old boy. This indictment contained a sexually violent predator specification and a sexually motivated specification. On July 29, 1999, the grand jury indicted Vonya on rape, in violation of R.C. 2907.02(A)(2); attempted rape, in violation of R.C. 2923.02(A)/2907.02(A)(2); and two counts of kidnapping, in violation of R.C. 2905.01(A)(4). This indictment also included a sexually violent predator specification. The alleged victims of this indictment were two young girls, both under the age of thirteen. On December 17, 1999, the trial court granted the state's motion to consolidate Vonya's two criminal cases.
After a trial on the consolidated cases, the jury rendered a verdict of guilty against Vonya for a lesser included offense of corruption of a minor of the male teenager. Vonya moved the trial court for: (1) an acquittal pursuant to Crim.R. 29 and (2) a new trial pursuant to Crim.R. 33(A)(1), (3)-(6). On May 30, 2001, the trial court denied Vonya's motion for an acquittal and granted his motion for a new trial finding the "Court's prior decision to consolidate [the criminal cases] was inappropriate in light of the evidence, and this Court's decision prevented Defendant from having a fair trial. See Crim. Rule 33(A)(1) and (A)(3) and (A)(5)."
This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT APPLIED AN INCORRECT STANDARD IN DETERMINING THE DEFENDANT'S CRIM.R. 33 MOTION FOR NEW TRIAL.
In its sole assignment of error, the state argues that the trial court abused its discretion in granting Vonya's motion for a new trial pursuant to Crim.R. 33(A)(1), (3), and (5). We disagree.
Crim. R. 33 provides:
 [a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
* * *
 (3) Accident or surprise which ordinary prudence could not have guarded against;
* * *
(5) Error of law occurring at the trial[.]
The granting of a new trial, pursuant to Crim.R. 33, is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion.State v. Shepard (1983), 13 Ohio App.3d 117, 119. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
The record before this Court includes the trial court's original docket and journal entries, and a partial transcript of the trial. App.R. 9(B) assigns to the appellant the responsibility to transmit the entire record on appeal. Our review of the proceedings below is limited to the record certified to us. See State v. Ishmail (1978), 54 Ohio St.2d 402,405-406; App.R. 12(A); Loc.R. 5(A).
We find that the state's argument is dependent upon evidence that is not included in the record on review. Without a transcript of the complete proceedings, the state is unable to demonstrate that the trial court's error regarding granting a new trial based on the evidence presented at trial. Accordingly, the state's assignment of error is overruled.
 III.
Having overruled the state's assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.