JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge John D. Sutula, that denied Donald L. Richard Sr's pro se motion for leave to file a delayed motion for a new trial. Richard claims that a 1987 newspaper article, anonymously mailed to him in 2001, contains exculpatory evidence which could have resulted in his acquittal, if used at trial to impeach the State's witnesses. We disagree and affirm.
 {¶ 2} The underlying facts of this case were summarized by this court in the decision disposing of Richard's direct appeal of his conviction on one count of murder, with a firearm specification, and one count of possessing a weapon while under a disability.[1] (Richard I).
 {¶ 3} Following his direct appeal, Richard has filed seven pro se motions for post-conviction relief, all of which were unsuccessful. He moved for a new trial five times asserting jury instruction errors and claims of newly discovered evidence, with similar results. The pending case is a request for the opportunity to file a sixth motion for a new trial, which motion the judge denied without a hearing.
 {¶ 4} Richard asserts two assignments of error:
 {¶ 5} "I. The Trial Court Grossly Abused Its Discretion Denying Appellant Due Process of Law Under The Fourteenth Amendment to The United States Constitution, When Denying Appellant's (Leave of Court Motion) to File a Delayed Motion For a New Trial Without First Making a Determination on Whether Appellant Was Unavoidably Prevented From Discovery of The New Evidence Upon The New Evidence He Must Rely Where The New Evidence Was Exculpatory Evidence/material/information Suppressed by Prosecutors, Police And Court Appointed Defense Counsels Denying Not Only Appellant's Right to a Fair Trial But to The Effective Assistance of Counsel as Well. See Crim.R. 33(a)(6), (B).
 {¶ 6} "II. The Trial Court Erred or Abused Its Discretion, Assuming Arguendo, That Appellant's Affidavit Presented Evidence That Is Sufficient to Meet a Clear And Convincing Standard of Proof Showing That He Was Unavoidably Prevented From Obtaining Newly Discovered Evidence Within a One Hundred Twenty Day Period, That He Was Deprived of a Fair Trial as Required by The Fourteenth Amendment to The United States Constitution; And to The Effective Assistance of Counsel, Where The New Evidence Demonstrates That Defense Counsels Assisted in Obtaining a Wrongful Conviction by Allowing The Prosecution to Suppress Evidence (Police Report) Which Demonstrates That The Police Withheld Exculpatory Evidence/information/material Favorable to The Appellant Which Knowingly Open (Sic) The Door For Manufactured, False And Perjured Testimonie, (sic) Including But Not Limited to The False Perjured Testimony of The State's Self-created Eyewitness."
 {¶ 7} According to Richard's affidavit filed with his latest motion, in February of 2001, he received a copy of a West Side Sun News article of January 29, 1987, or five days after the events leading to his conviction, from an unknown source. The article is actually an excerpt from that newspaper's weekly "police blotter" column referring, Richard claims, to him:
 {¶ 8} "A Lakeshore Boulevard man was treated for bullet wounds to the head and left side after an apparent assault shortly after 1 a.m. Sunday.
 {¶ 9} "According to police, the incident occurred on the sidewalk in front of 4515 Clark Ave., and was reported by the man's girlfriend.
 {¶ 10} "Police are seeking two men in the attack, apparently a father-son duo.
 {¶ 11} "The older man is described as about 36, 5-9 and 175 pounds with brown eyes, short brown hair and a moustache. He was wearing jeans, a red plaid shirt and a blue vest.
 {¶ 12} "The younger one is described as about 17, 5-7, 150 pounds with brown eyes and hair, and a moustache.
 {¶ 13} "Police said one of the suspects held the man while another fired what police believe was a .22-cal. handgun.
 {¶ 14} "Homicide detectives are continuing an investigation."
 {¶ 15} Asserting that the crime vaguely described in the excerpt involved one man "holding" the victim as another shot him, Richard asserts that the excerpt would have been used at trial to impeach the testimony of Kimberly Sarkozy, who testified that Richard, whose son stood either beside or behind him, shot Neil Baldwin. Because of this asserted inconsistency, Richard theorized, based upon his own conjecture, that the investigating police, prosecutors, and his appointed lawyer concealed a police report corroborating the facts of the incident contained in the article. He also asserts that it demonstrates that the witnesses testifying against him at trial gave known, perjured testimony, because their testimony did not completely square with the facts of the incident described in this article. On such allegations, he claims his underlying trial was constitutionally deficient. We find no merit to his arguments.
 {¶ 16} According to Crim.R. 33(B): "Motions for new trial on account of newly discovered evidence shall be filed within one-hundred-twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one-hundred-twenty day period."
 {¶ 17} "Unavoidably prevented," means a defendant is unaware of grounds for a new trial and is unable to learn of those grounds through reasonable diligence.[2] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."[3]
 {¶ 18} A ruling on a motion for a new trial or for leave to file a motion for a new trial, on the basis of newly discovered evidence, is within the discretion of the judge, and, in the absence of a clear showing of abuse of that discretion, will not be disturbed on appeal.[4]
An abuse of discretion implies that the judge's attitude was unreasonable, arbitrary or unconscionable.[5]
 {¶ 19} We, therefore, evaluate Richard's affidavit to determine whether he presented clear and convincing evidence that he was unavoidably prevented from discovering the article within the one-hundred twenty-day period following entry of his conviction.[6] His affidavit states, in pertinent part:
 {¶ 20} "5. That I have never heard any version, both at the trial and in the Cleveland Plain Dealer, that makes a claim that there exists police reports containing different and distinct versions of what allegedly happened that caused the death of Neil Baldwin on January 25, 1987, outside the front of Wanda's Bar;
 {¶ 21} "6. That I did not have any reason to think or believe that there existed newspaper articles which gives a completely different version of what was alleged to have occurred at the trial of this matter; thus, I was `unavoidably prevented' from discovering the newspaper article before February, 2001, as I had no cause to think that one existed, which demonstrates that every version given, three total now, is stated came from the police, since the state alleges that only one person claims to have witnessed the incident, then all three versions had to originate from the same person, Kimberly Sarkozy."
 {¶ 22} The article itself, however, is a public document available to any person after January 29, 1987, the date of publication. While, in his brief to this court, Richard states that he was unable to timely secure a copy of it because he did not know about it, such an assertion is tenuous because, at paragraph five of his affidavit, he submits that the article contains information different from that in contemporaneous articles in the Cleveland Plain Dealer, an acknowledgment that the incident was receiving local print media coverage. Moreover, when "newly discovered evidence" consists of a public newspaper article, "[t]he article was of equal access to the prosecutor and appellant. It was the duty of appellant to secure a copy of this article within a reasonable time thereafter."[7]
 {¶ 23} We conclude that Richard did not present suitable evidence to demonstrate, with convincing clarity, that he was unavoidably prevented from timely finding and submitting the article. Richard had no justification to claim newly discovered evidence as a basis for leave to file a delayed motion for a new trial, and a denial of his motion was not error.
 {¶ 24} In any event, to warrant the granting of a motion for a new trial in a criminal case on the basis of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[8]
 {¶ 25} Had Richard been able to move for a new trial based on the contents of the article, it would have been a futile gesture. The article was available prior to trial and would have been discovered with due diligence.[9] The evidence Richard claims contains information he could have used to impeach witnesses against him, clearly is not evidence of such character that would permit granting a new trial under prong six of the test enunciated in State v. Petro, supra. Also, the evidence does not reveal, on its face, that any evidence existed which was intentionally not made available for his defense by any person involved in his prosecution or defense. No police reports are mentioned; any assertion by Richard that any can be deemed to exist, based on the article, is sheer, unfounded speculation. The information contained in the article also does not materially bear on the ultimate issue in the case against Richard, which was, and is: Did he shoot Baldwin in the head with a gun?[10]
Therefore, the denial of a motion for a new trial based on a cursory, vague description of, in all probability, the incident in which Richard killed Baldwin, without using names to identify the actors, was correct.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND DIANE KARPINSKI, J., CONCUR.
[1] State v. Richard (Oct. 20, 1988), Cuyahoga App. No. 54228.
[2] State v. Brown (Aug. 21, 1998), Lucas App. No. L-98-1130, State v.Walden (1984), 19 Ohio App.3d 141, 145, 483 N.E.2d 859.
[3] Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
[4] State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140;City of Shaker Heights v. Al-Gureshi, (Apr. 16, 1998), Cuyahoga App. No. 72562.
[6] While Richard attempts on appeal to assert that the judge erred in not explicitly determining, by his ruling, that clear and convincing evidence did not exist, we find such an assertion futile, given Crim.R. 33(B), and considering the obvious implication the denial of the motion presents, that clear and convincing evidence was not presented. In addition, as we observed in State v. Wells,(Oct. 22, 1998), Cuyahoga App. No. 73481: "It must first be noted the trial court in this case never issued an order finding appellant was "unavoidably prevented from discovering the evidence" within the one-hundred-twenty-day period. Since the jury's verdict of guilt was rendered on March 20, 1996 and appellant's motion was filed more than one year later, appellant's motion was untimely pursuant to Crim.R. 33(B). As such, it was properly overruled on this basis alone. Fairview Park v. Ricotta (Sep. 21, 1995), Cuyahoga App. No. 66850."
[7] State v. Shepard (1983), 13 Ohio App.3d 117, 118,468 N.E.2d 380.
[8] State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, at the syllabus.
[9] Id.
[10] Id.