This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael L. Morton, appeals the decision of the Barberton Municipal Court, which found him guilty of operation of a vehicle under the influence of alcohol.
 {¶ 2} On September 1, 2001, Linda Stokes was awakened from her sleep by a loud noise coming from the parking lot of her apartment building. After waiting ten or fifteen minutes for the noise to stop, Ms. Stokes went out to see where the noise was coming from. Upon stepping outside, Ms. Stokes determined that the music was coming from a sports utility vehicle ("SUV") that was parked in one of the parking spaces. The engine of the SUV was running, the driver side window was down, and there was a person sitting in the driver's seat. Ms. Stokes approached the SUV and attempted to speak to appellant, who was sitting behind the steering wheel. Appellant appeared to be unconscious. Ms. Stokes reached into the vehicle and tried to awaken appellant by lightly shaking his shoulder, but he did not respond. When appellant did not respond, Ms. Stokes decided to call the police. Ms. Stokes then sat down on the sidewalk and waited for the police to arrive.
 {¶ 3} Officer Heim of the Copley Police Department was dispatched to the scene. Upon arriving on the scene, Officer Heim spoke briefly to Ms. Stokes and approached the vehicle. Officer Heim determined that the loud music was coming from the SUV. The engine was still running and appellant was still behind the wheel, apparently unconscious.
 {¶ 4} Officer Heim tried to awaken appellant by first calling out to him. When appellant did not respond to Officer Heim's verbal commands, Officer Heim attempted to wake him by shaking him by the shoulder and shining his flashlight into appellant's closed eyes. Appellant still did not respond. After two to three minutes of shining the flashlight in his eyes, shaking his shoulder, and calling out to him, appellant began to rouse.
 {¶ 5} When appellant woke up, Officer Heim noticed that his eyes were bloodshot and glassy. Officer Heim detected the smell of alcohol coming from appellant's vehicle, and observed that there were Taco Bell wrappers thrown on the floor around appellant's feet and that appellant had food down the front of his shirt and in his lap. Officer Heim told appellant to cut off the radio. Appellant had some difficulty in turning off the radio. Officer Heim then instructed appellant to turn off the engine and exit the vehicle. Appellant was uneasy on his feet when he exited the vehicle. Officer Heim took appellant back to his vehicle. While talking with appellant, Officer Heim noticed that appellant was stuttering and that he slurred his speech. Appellant talked very slowly and Officer Heim smelled alcohol coming from appellant's breath.
 {¶ 6} Officer Heim charged appellant with operating a motor vehicle under the influence of alcohol and disorderly conduct.
 {¶ 7} Appellant filed a motion to suppress evidence and a supplemental motion to suppress, asserting no probable cause to arrest. Prior to the hearing on appellant's motion to suppress and supplemental motion to suppress, the State stipulated that it could not submit evidence of appellant's alleged refusal to take a breathalyzer test. The State also stipulated that it could not submit evidence of appellant's performance on the field sobriety tests. The trial court denied appellant's motion to suppress.
 {¶ 8} The matter proceeded to trial in front of a jury. After the State rested its case, the appellant made a Crim.R. 29 motion for a judgment of acquittal. The trial court overruled appellant's Crim.R. 29 motion. After the defense rested, it renewed its Crim.R. 29 motion, and the trial court again denied the motion. The State then moved to dismiss the charge of disorderly conduct. The motion was granted, and the matter went to the jury where the jury found appellant guilty of the remaining charge of operation of a motor vehicle under the influence of alcohol.
 {¶ 9} Appellant then moved for a new trial pursuant to Crim.R. 33. The trial court denied appellant's motion for a new trial.
 {¶ 10} Appellant timely appealed, raising four assignments of error for review.
 FIRST ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ERRED BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS FOR NO PROBABLE CAUSE TO ARREST."
 {¶ 12} In his first assignment of error, appellant argues that the trial court erred in denying his motion to suppress. This Court disagrees.
 {¶ 13} In addressing the appropriate standard of review of a determination of whether probable cause existed for an arrest, this Court stated:
 {¶ 14} "An appellate court reviews a trial court's decision on a motion to suppress de novo. However, the appellate court reviews the facts only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Accordingly, this Court accepts the factual determinations of the trial court if they are supported by competent, credible evidence, and without deference to the trial court's conclusions will determine `whether, as a matter of law, the facts meet the appropriate legal standard.'" (Citations omitted.) State v. Nichols, 9th Dist. No. 01CA0037, 2002-Ohio-1993 at ¶ 4.
 {¶ 15} In State v. Homan (2000), 89 Ohio St.3d 421, 427, the Supreme Court of Ohio set forth the standard of review for probable cause for an arrest of an individual for driving under the influence:
 {¶ 16} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest." (Citations omitted.)
 {¶ 17} In the case sub judice, Officer Heim testified that he was dispatched to an apartment complex in Copley, Ohio, due to a complaint of loud music coming from a motor vehicle. Upon arriving at the scene, Officer Heim found appellant behind the wheel of an SUV with food all down the front of his clothes and the smell of alcohol emanating from the vehicle. The vehicle's engine was still running and the radio was playing loudly. After several attempts, Officer Heim was able to rouse the appellant. When appellant awakened, Officer Heim observed that appellant's eyes were bloodshot and glassy. When appellant was asked to exit the vehicle, Officer Heim noticed that he was uneasy on his feet.
 {¶ 18} After examining the totality of the circumstances surrounding appellant's arrest, this Court cannot conclude that the trial court erred in finding that probable cause existed at the time Officer Heim placed appellant under arrest for driving under the influence.
 SECOND ASSIGNMENT OF ERROR {¶ 19} "THE TRIAL COURT ERRED BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO ALLOW THE MATTER TO GO TO THE JURY."
 THIRD ASSIGNMENT OF ERROR {¶ 20} "THE JURY'S FINDING OF GUILT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 21} In his second and third assignments of error, appellant challenges the adequacy of the evidence presented at trial. Specifically, appellant asserts that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his conviction for driving under the influence was against the manifest weight of the evidence presented at trial. An evaluation of the weight of the evidence is dispositive of the issues raised in these two assignments of error.
 {¶ 22} As a preliminary matter, this Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 23} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002 Ohio 3034, at ¶ 7, citing State v. Wolfe (1988),51 Ohio App.3d 215, 216. "In essence, sufficiency is a test of adequacy."Smith at ¶ 7, quoting Thompkins, 78 Ohio St.3d at 386.
 {¶ 24} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
 {¶ 25} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 26} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 27} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388.
 {¶ 28} As sufficient evidence is required to reach a jury, a finding that a conviction is supported by the weight of the evidence thus includes a finding of sufficiency. Smith at ¶ 9, quoting State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96 CA006462. Therefore, "a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Smith at ¶ 9, quoting Roberts, supra.
 {¶ 29} Appellant was convicted of driving under the influence, a violation of R.C. 4511.19.
 {¶ 30} R.C. 4511.19 provides, in pertinent part:
 {¶ 31} "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 {¶ 32} "The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]" R.C. 4511.19(A)(1).
 {¶ 33} In State v. Cleary (1986), 22 Ohio St.3d 198, 199, the Supreme Court of Ohio held:
 {¶ 34} "Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)."
 {¶ 35} In this case, Officer Heim smelled the odor of alcohol upon approaching appellant's vehicle. Officer Heim was unable to get appellant to wake up when he first approached him. When appellant did wake up, Officer Heim observed that his eyes were glassy and blood shot. When talking to appellant, Officer Heim smelled alcohol on appellant's breath, noticed that his speech was slurred, and that appellant was talking very slowly. In addition, appellant was behind the wheel of the SUV with the key in the ignition and the engine running.
 {¶ 36} Given the above facts, this Court cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 FOURTH ASSIGNMENT OF ERROR {¶ 37} "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR A NEW TRIAL."
 {¶ 38} Appellant argues in his fourth assignment of error that the trial court erred when it denied his motions for a new trial. This Court disagrees.
 {¶ 39} Crim. R. 33 provides, in pertinent part:
 {¶ 40} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 41} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state[.]"
 {¶ 42} The granting of a new trial, pursuant to Crim.R. 33, is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion. State v. Shepard (1983), 13 Ohio App.3d 117, 119. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. "[A] court will not reverse a judgment based upon juror misconduct unless prejudice to the complaining party is shown." State v. Keith (1997), 79 Ohio St.3d 514, 526.
 {¶ 43} In this case, the alleged misconduct supposedly occurred when the trial court broke for lunch recess. Appellant argues that during the recess, one juror asked another juror if they thought the appellant was drunk and a juror told them they were not supposed to talk about it. In addition, appellant argues that there is a possibility that yet another juror responded affirmatively to the question. However, appellant has failed to present any evidence that he was prejudiced by this alleged juror misconduct. Absent such evidence, this Court cannot conclude that the trial court abused its discretion in denying appellant's motion for a new trial.
 {¶ 44} Appellant claims that he was unable to provide evidence of prejudice because the trial court did not grant his request for a continuance of the hearing. The granting or denial of a request for a continuance is a matter that resides within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested or received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons; (5) whether the moving party contributed to the circumstance which gives rise to the need for a continuance; and (6) other relevant factors, depending on the unique facts of the case. Id. at 67-68.
 {¶ 45} In this case, the trial court's journal entry was journalized on February 13, 2002. Appellant filed a motion for a new trial on February 28, 2002, and a supplemental motion for a new trial on March 28, 2002. The trial court set a hearing on appellant's motions for April 1, 2002. On the day of the hearing, appellant's counsel requested a continuance to allow the defense to subpoena the jurors.
 {¶ 46} Based upon these facts, this Court concludes that the trial court did not abuse its discretion in denying appellant's motion for a continuance on the day of the hearing.
 {¶ 47} Appellant's fourth assignment of error is overruled.
 III. {¶ 48} Having overruled all four of appellant's assignments of error, the judgment of the trial court is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.