OPINION
{¶ 1} Augustus Franklin is appealing the decision of the Greene County Court of Common Pleas overruling his motion for a new trial.
 {¶ 2} Franklin was indicted on July 1, 1998 on four counts of rape with force of a child under thirteen years, in violation of R.C.2907.02(A)(1)(b)(2), and one count of rape with force, in violation of R.C. 2907.02(A)(2). Franklin pled guilty to five counts of rape on March 1, 1999. On May 12, 1999, Franklin was sentenced to four life sentences on the counts of rape of a child and five years imprisonment on the remaining rape charge, all sentences to be served concurrently. On November 29, 1999, Franklin filed a motion to withdraw his guilty plea. In the motion, Franklin asserted that a new trial was warranted because he had received ineffective assistance of counsel based upon his attorney's statements that he would "not be able to present evidence showing `the victim' had a venereal disease and the defendant did not." Also on November 29, 1999, Franklin filed a pro se notice of appeal with this court.
 {¶ 3} On December 22, 2000, this court affirmed Franklin's conviction and sentence, but vacated and remanded the case for a hearing on the trial court's sexual offender classification. Following a hearing, Franklin was found to be a Sexually Oriented Offender.
 {¶ 4} Franklin filed a motion for a new trial on May 14, 2002, again asserting that he had received ineffective assistance of counsel because his attorney had informed him that he could not present evidence that the victim allegedly had two venereal diseases and that he had none. The trial court overruled the motion for a new trial on July 19, 2002. The trial court found that Franklin had been aware of the grounds supporting the motion for several years, as it was the basis for his motion to withdraw his guilty plea, and thus it was not "newly discovered evidence" under Crim.R. 33(B). Franklin now appeals that decision, asserting two assignments of error.
 {¶ 5} Franklin's first assignment of error:
 {¶ 6} "The trial court's decision in overruling Appellant's motion for a new trial is contrary to law."
 {¶ 7} Franklin asserts that upon learning of the victim's alleged venereal diseases he timely raised the issue of a new trial in his November 29, 1999 motion to withdraw his guilty plea. According to Franklin, the trial court failed to rule on the motion to withdraw his guilty plea, forcing him to "renew" that motion with the May 14, 2002 filing of the motion for a new trial. Franklin disagrees with the trial court's decision that his May 14, 2002 motion was "untimely," because the trial court did not determine that he had been unavoidably prevented from discovering the evidence.
 {¶ 8} The granting of a motion for a new trial is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of discretion. Statev. Shepard (1983), 13 Ohio App.3d 117, 468 N.E.2d 380.
 {¶ 9} We note that in this instance, Franklin's convictions resulted from his own guilty pleas which he entered and the trial court accepted in lieu of proceeding to trial. As we stated in State v. Burke
(Mar. 9, 2001), Montgomery App. No. 17955,
 {¶ 10} "Pleas of guilty that are knowingly, voluntarily, and intelligently entered waive the defendant's right to trial on the criminal charge or charges involved. It necessarily follows, therefore, that `[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial.'" Id., quoting State v.Frohner (1948), 150 Ohio St. 53, paragraph thirteen of the syllabus,80 N.E.2d 868, 37 O.O. 406.
 {¶ 11} Franklin's guilty pleas thus precluded his right to file a motion for new trial pursuant to Crim.R. 33(A). Frohner, supra. Albeit for differing reasons, we find that the trial court did not abuse its discretion when it denied the motion.
 {¶ 12} We note, however, that this determination of the motion for a new trial does not resolve the pending motion to withdraw Franklin's guilty plea, which he filed in November 29, 1999. Although Franklin cannot find relief from his motion for a new trial, a more appropriate vehicle for resolving the issue of Franklin's plea would be for the trial court to make a final judgment regarding the pending motion.
 {¶ 13} Franklin's first assignment of error is overruled.
 {¶ 14} Franklin's second assignment of error:
 {¶ 15} "The conduct of the trial court established an abuse of discretion which denied Appellant due process herein."
 {¶ 16} In his second assignment of error, Franklin contends that the trial court abused its discretion in failing to hold a hearing on his motion for a new trial. Franklin also argues that the trial court's "refusal" to hold a hearing on the motion or even provide an opportunity for Franklin to present evidence in support of his motion was analogous to a "striking" of the motion, and thus contrary to law. See, generally,State v. O'Banion (1970), 26 Ohio App.2d 285.
 {¶ 17} In view of the preceding discussion, the second assignment of error is rejected as moot.
 {¶ 18} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.