OPINION
{¶ 1} David L. Mills appeals from the trial court's decision and entry revoking his community control based on his violation of a condition that prohibited him from having internet service.
 {¶ 2} Mills advances three assignments of error on appeal. First, he contends the community control condition precluding internet service was applied in an over broad manner. Second, he argues that the condition was over broad on its face. Third, he claims his attorney provided constitutionally ineffective assistance by failing to make a record of his assertions and supporting evidence.
 {¶ 3} The record reflects that Mills was convicted on one count of gross sexual imposition, a third-degree felony, and sentenced to five years of community control. As a condition of his community control, Mills agreed not to "have internet service until further notice of the Court." Approximately one year later, Mills' probation officer, Linette Ogle, visited his residence and saw a computer. She proceeded to access the internet through America On Line ("AOL"). While logged on to AOL, Ogle discovered that various chat rooms had been visited. She also observed several instant messages appear on the screen, and she saw pieces of paper near the computer that had been printed from a "joke" web site.
 {¶ 4} In light of Ogle's observations, the trial court held a community control revocation hearing on October 15, 2002. After listening to Ogle, who was the only person to testify, the trial court revoked Mills' community control for violating the condition set forth above and imposed a three-year term of imprisonment. This timely appeal followed.
 {¶ 5} In his first assignment of error, Mills contends that the community control condition precluding internet service was applied in an "over broad" manner. The crux of this argument is that the trial court revoked community control despite Ogle's failure to "verify" whether he ever had accessed the internet from his computer. This argument lacks merit. Ogle's unopposed testimony did verify that Mills had internet service through AOL, in violation of the conditions of his community control. In addition, Ogle's observations were sufficient to enable the trial court to conclude that Mills actually had accessed the internet. After clicking the AOL icon on Mills' computer, Ogle immediately connected to the internet, observed that several chat rooms had been visited, and saw instant messages appear on the screen. As noted above, she also saw papers that had been printed from a "joke" web site. In light of this unrefuted evidence, the trial court reasonably found a community control violation.
 {¶ 6} In opposition to the foregoing conclusion, Mills argues that his computer came pre-loaded with the AOL software, which he had tried to remove. Aside from the fact that Mills did not testify and provided no such evidence, Ogle explained that the computer actually had three internet service icons on the screen. When she clicked on "MSN" and "Juno" icons, Ogle could not connect to the internet. The AOL icon connected immediately, however, indicating not only that the software was present, but also that it had been activated in order to obtain internet service. As a result, we find no merit in Mills' argument.
 {¶ 7} In his second assignment of error, Mills argues that the community control condition precluding internet service was over broad on its face. In support, Mills suggests that his community control condition precluded him from owning a computer with an internet provider's software on it. He reasons that such a condition "is patently over broad because, as in this case, no one can know by looking at the outside of a computer or the box in which it is sold whether it includes unwanted software." We find this argument to be unpersuasive. Mills' community control condition precluded him from having "internet service." It did not preclude him from owning a computer that had pre-installed software which must be activated in order to obtain internet service. In other words, the trial court did not revoke Mills' community control simply because he had inoperable MSN and Juno icons on his computer. Rather, the trial court revoked his community control because he actually had obtained internet service through AOL and had used the service to access the internet. In addition, Mills' suggestion that he purchased a computer containing unwanted internet software which he had tried to remove is unsupported by the record and belied by Ogle's testimony. According to Ogle, Mills admitted that the AOL service was in a friend's name so Mills could sign in as a "guest" without the account being traced to him. Accordingly, we reject his second assignment of error.
 {¶ 8} In his third assignment of error, Mills claims his attorney provided constitutionally ineffective assistance by failing to make a record of his assertions and supporting evidence. In particular, Mills contends that his attorney unjustifiably failed to call him to testify and failed to offer any evidence to show his attempts to comply with the internet-access condition of his community control. As the State notes, however, the failure to call a witness to testify ordinarily is a matter of trial strategy that will not be second-guessed by a reviewing court.State v. Treesh, 90 Ohio St.3d 460, 490, 2001-Ohio-4. In the present case, defense counsel reasonably may have been concerned about Mills' credibility and, therefore, advised against his testifying and subjecting himself to cross-examination. We note too that the only "evidence" cited by Mills is his purported attempt to remove the internet software from his computer. Even if he did initially attempt to remove the software as he now asserts, the fact remains that the software was not removed and Ogle found substantial evidence that the internet had been accessed through the service provided by AOL. As a result, defense counsel reasonably may have concluded that Mills' proposed testimony would not have been beneficial. Thus, the present record fails to portray ineffective assistance of Mills' trial counsel.
 {¶ 9} Based on the reasoning set forth above, we overrule Mills' assignments of error and affirm the judgment of the Greene County Common Pleas Court.
Judgment affirmed.
Fain, P.J., and Wolff, J., concur.