**The STATE of Ohio, Appellee,**

**v.**

**JOHNSON, Appellant.**

[Cite as *State v. Johnson,* 155 Ohio App.3d 145, 2003-Ohio-5637.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82229.

Decided Oct. 23, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Hollie L. Gallagher, Assistant Prosecuting Attorney, for appellee.

Anthony Johnson, pro se.

MICHAEL J. CORRIGAN, Presiding Judge.

{¶ 1} In consolidated criminal cases, appellant, Anthony Johnson, was found guilty by the trial court of two counts of kidnapping and three counts of aggravated robbery. On May 9, 2001, appellant was sentenced to prison for a term of nine years for each of the counts to run concurrently with each other and consecutively with other offenses committed by appellant.[1] On October 1, 2002, appellant filed his motion for new trial on the basis of newly discovered evidence. Attached to appellant's motion for new trial is an affidavit from Frederick Norman, which provides as follows:

{¶ 2} "I Frederick Norman swear under the penalty of perjury by the laws of Ohio and The United States that the following is true and correct:

{¶ 3} "(1) I frederick [sic] Norman hereby swear that on September 15, 2000 I committed Aggravated Robbery and Kidnapping against Belinda Brown and Robert [sic] Stopar.[2]

---

1. On appeal, this court affirmed in part, reversed in part, and remanded the case for resentencing in conformance with the statutory guidelines to be applied by the trial court in imposing consecutive sentences.

2. Appellant was found guilty of kidnapping and aggravated robbery in case No. 400550 (which was consolidated with case No. 397780), for holding a knife to Ms. Stopar's neck and stealing

{¶ 4} "(2) I hereby swear that I was alone when I committed this offense, and it was between 6:00 p.m. and 7:00 p.m. In a parking Garage on 12th and Carnegie, in Cleveland, Ohio. County of Cuyahoga.

{¶ 5} "(3) I recently found out that another man (Anthony Johnson) was convicted of committing this crime.

{¶ 6} "(4) Anthony Johnson did not commit this crime, and I am coming forward with this information because my conscience will not allow me to see another man in prison for a crime that I committed.

{¶ 7} "(5) I will testify to these facts in a court of law." (Footnote added.)

{¶ 8} On November 22, 2002, the trial court denied appellant's motion for new trial. Appellant now appeals. For the foregoing reasons, we affirm the judgment of the trial court denying appellant's motion for a new trial.

I

{¶ 9} In appellant's sole assignment of error, he contends that the trial court erred by denying his motion for new trial without holding an evidentiary hearing on the newly discovered evidence. Appellant's contention is without merit.

{¶ 10} Crim.R. 33(A)(6) provides:

{¶ 11} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

{¶ 12} "* * *

{¶ 13} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."

---

approximately $540 from her. When Ms. Stopar was held by knife, Ms. Brown ran for help but was chased by another man in the parking lot. Both Ms. Brown and Ms. Stopar gave statements to the police and Ms. Brown identified appellant as Ms. Stopar's robber and attacker.

{¶ 14} The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court, and absent an abuse of discretion, that decision will not be disturbed. *State v. Hawkins* (1993), 66 Ohio St.3d 339, 350, 612 N.E.2d 1227, citing *State v. Petro* (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, syllabus; see, also, *State v. Shepard* (1983), 13 Ohio App.3d 117, 119, 13 OBR 135, 468 N.E.2d 380. Likewise, the trial court's decision on whether the motion for a new trial warrants a hearing will not be disturbed on appeal absent a clear showing that the court abused its discretion. *Toledo v. Stuart* (1983), 11 Ohio App.3d 292, 293, 11 OBR 557, 465 N.E.2d 474.

{¶ 15} In *Petro*, the syllabus states:

{¶ 16} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

{¶ 17} In addition, the newly discovered evidence presented must be of such weight that a different result would be reached at the second trial. *Shepard*, 13 Ohio App.3d at 118, 13 OBR 135, 468 N.E.2d 380. Unless the court finds that a different verdict would be reached, a motion for a new trial based on newly discovered evidence should not be granted.

{¶ 18} Here, appellant contends that the trial court was required to conduct an evidentiary hearing on his motion for new trial to determine the merits of his newly discovered evidence, that is, the affidavit of Frederick Norman. Despite appellant's belief, such an evidentiary hearing is discretionary and not mandatory. There is no evidence that the trial court acted unreasonably, capriciously, or arbitrarily by not holding an evidentiary hearing on appellant's motion for new trial, especially when appellant's basis for filing his motion for new trial rested solely on the affidavit of Frederick Norman, which was attached to his motion for new trial.

{¶ 19} Moreover, appellant's newly discovered evidence does not warrant a new trial because appellant cannot meet all of the six factors as required in *Petro*. We agree with the state of Ohio when it asserts that based on the testimony of Ms. Stopar and Ms. Brown identifying appellant as the robber and attacker, coupled with their testimony that another man assisted in committing the crime, the affidavit of Frederick Norman does not "disclose a strong probability that it will change the result if a new trial is granted." Evidence was presented at trial

that two people acted in committing the crimes against Ms. Stopar and Ms. Brown. Furthermore, the affidavit of Frederick Norman addressed only his involvement in the commission of the crimes against Ms. Stopar and Ms. Brown and specifically did not address his involvement, if any, in the other consolidated case for which appellant was found guilty. Because appellant's newly discovered evidence does not meet the first requirement under *Petro*, the trial court did not abuse its discretion in denying appellant's motion for new trial. Appellant's sole assignment of error is without merit.

Judgment affirmed.

DYKE and TIMOTHY E. MCMONAGLE, JJ., concur.