JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Dwayne Stewart aka Dwayne James ("appellant"), appeals his conviction of one count of drug trafficking, one count of drug possession, and one count of possession of criminal tools. For the following reasons, we affirm appellant's conviction.
 {¶ 2} On August 12, 2002, undercover detectives observed a series of similar drug transactions in a high drug area. The undercover detectives who were observing the area noticed a male, later identified as Jeffrey Daniel (" Daniel"), engage in a hand-to-hand exchange with another male, whereby Daniel received money from the male and Daniel gave the male a small white packet of suspected drugs. After the exchange, Daniel entered the back seat of appellant's red car and gave appellant, who was in the driver's seat of his car, what appeared to be money. Daniel then exited appellant's car and proceeded to engage in a similar hand-to-hand exchange on the street and return to appellant's car to hand him the money two more times. The only difference observed in the three drug transactions was that a third male entered appellant's car after the second time Daniel engaged in the hand-to-hand exchange on the street. The observing undercover detectives did not observe any exchanges with the third male.
 {¶ 3} Thereafter, the observing undercover detectives radioed the "take-down" undercover detectives who were positioned approximately two blocks away from the area. The "take-down" detectives arrived, blocked appellant's car with their cars, and demanded all occupants to exit appellant's car. After all three occupants exited the vehicle, the "take-down" detectives observed needles in the car and two packets of suspected heroin in the back seat of the car that was within reach of appellant. One of the "take-down" detectives found needles in Daniel's sock and a subsequent pat-down of appellant revealed $824. The "take-down" detectives also discovered a pile of money in a baseball hat near the console of the car in the front seat. As a result, the "take-down" detectives arrested appellant and Daniel. The third male, however, was not arrested because the observing undercover detectives did not notice him engage in any of the money or drug exchanges.
 {¶ 4} Appellant argues in his first assignment of error that the trial court erred when it denied his Crim.R. 29 motion for acquittal. In particular, appellant contends that the evidence was insufficient to sustain his conviction because the observing undercover detectives were not close enough to the hand-to-hand transactions to observe a money and drug exchange. However, appellant's contention lacks merit.
 {¶ 5} Crim.R. 29(A) provides as follows:
 {¶ 6} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 7} This court, on review of the sufficiency of the evidence to support appellant's criminal conviction," is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the [appellant's] guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,273, 574 N.E.2d 492; State v. Moore, 81 Ohio St.3d 22, 40,1998-Ohio-441, 689 N.E.2d 1. In order for this court to sustain appellant's first assignment of error, this court would have to determine that no rational trier of fact could find the essential elements of the crimes of drug trafficking, drug possession, and possession of criminal tools proven beyond a reasonable doubt.
 {¶ 8} R.C. 2925.03, trafficking in drugs, provides:
 {¶ 9} "(A) No person shall knowingly do any of the following:
 {¶ 10} "(1) Sell or offer to sell a controlled substance;
 {¶ 11} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 12} R.C. 2925.11, drug possession, provides in pertinent part:
 {¶ 13} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 14} R.C. 2925.01(K) defines "possession" as follows:
 {¶ 15} "(K) `Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 16} R.C. 2923.24(A), possession of criminal tools, provides:
 {¶ 17} "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 18} Here, appellant argues that the observing undercover detectives were too far away to observe that drugs and money were being exchanged. However, two of the observing detectives testified that they were close enough to observe Daniel engage in at least two hand-to-hand transactions where another individual handed Daniel cash and Daniel handed the individual a small white packet. Likewise, both observing undercover detectives testified that they were close enough to observe Daniel twice enter appellant's car and hand appellant what appeared to be cash. Their observations cannot be discounted simply because they could not unequivocally testify the denomination of cash that was handed to Daniel and to appellant, nor could they testify that, in fact, Daniel handed the individual heroin. Viewing the evidence in the light most favorable to the state, these observations, when coupled with the needles, the two packets of heroin, and the $824 discovered and obtained by the "take-down" detectives, could lead any rational trier of fact to conclude that appellant trafficked in heroin, possessed heroin, and possessed his car to use it as a device to sell heroin. Thus, the trial court did not err in denying appellant's Crim.R. 29(A) motion for acquittal and appellant's first assignment of error is overruled.
 {¶ 19} For his second assignment of error, appellant contends that his convictions are against the manifest weight of the evidence. Again, appellant argues that the observing undercover detectives did not observe appellant participate in any criminal activity, did not find appellant in possession of any drugs, and the drugs were found in the back seat of appellant's car where Daniel was seated. However, upon review of the evidence, appellant's contention is without merit.
 {¶ 20} "Manifest weight concerns whether the jury lost its way creating a manifest miscarriage of justice." State v.Tomlinson, Cuyahoga App. No. 83411, 2004-Ohio-3295, citing,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp. (Jan. 30, 1986), Cuyahoga App. No. 49407.
 {¶ 21} Contrary to appellant's argument, there was competent credible evidence that appellant participated in criminal activity by accepting money (which was found on him and in his car) for a drug transaction (which heroin was found in the back seat of his car) engaged in by his "runner," Daniel. It is immaterial that the heroin was found in the back seat of appellant's car where Daniel was seated as "possession" can be constructive where, like here, the heroin was within appellant's reach and appellant was able to exercise dominion or control over the heroin. Tomlinson, 2004-Ohio-3295, at ¶ 35 (finding usable drugs within a close proximity to defendant may constitute circumstantial evidence and support the conclusion that the defendant had constructive possession). With the competent, credible evidence presented at trial, it cannot be said that the trial court clearly lost its way in finding appellant guilty of trafficking in drugs, possession of drugs, and possession of criminal tools. Thus, appellant's second assignment of error is overruled.
 {¶ 22} Finally, for his third assignment of error, appellant argues that the trial court abused its discretion when it failed to grant his motion for a new trial and failed to hold an evidentiary hearing on newly discovered evidence. Appellant contends that the affidavit of Daniel attached to appellant's motion for a new trial, which averred that the heroin in appellant's car belonged to Daniel and was not bought from appellant, constituted newly discovered evidence that exonerated appellant and required an evidentiary hearing.
 {¶ 23} Crim.R. 33(A)(6) provides as follows:
 {¶ 24} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 25} "* * *
 {¶ 26} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
 {¶ 27} The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed. State v. Johnson,155 Ohio App.3d 145, 2003-Ohio-5637, ¶ 15, 799 N.E.2d 650, citing State v.Hawkins (1993), 66 Ohio St.3d 339, 350, 612 N.E.2d 1227; Statev. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus;State v. Shepard (1983), 13 Ohio App.3d 117, 119,468 N.E.2d 380. Likewise, the trial court's decision on whether the motion for a new trial warrants a hearing will not be disturbed on appeal absent a clear showing that the court abused its discretion. Johnson, 2003-Ohio-5637, at ¶ 15.
 {¶ 28} In Petro, the Supreme Court of Ohio stated as follows:
 {¶ 29} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."148 Ohio St. 505 at syllabus.
 {¶ 30} In addition, the newly discovered evidence presented must be of such weight that a different result would be reached at the second trial. Shepard, 13 Ohio App.3d at 118. Unless the court finds that a different verdict would be reached, a motion for a new trial based on newly discovered evidence should not be granted.
 {¶ 31} Despite appellant's argument, the trial court was not required to conduct an evidentiary hearing on his motion for new trial to determine the merits of his newly discovered evidence; that is, the affidavit of Daniel. Such an evidentiary hearing is discretionary and not mandatory. There is no evidence that the trial court acted unreasonably, capriciously, or arbitrarily by not holding an evidentiary hearing on appellant's motion for new trial, especially when appellant's basis for filing his motion for new trial rested solely on the affidavit of Daniel.
 {¶ 32} Moreover, appellant's newly discovered evidence does not warrant a new trial because appellant cannot meet all of the six factors as required in Petro. Simply because the heroin belonged to Daniel and was not sold to him by appellant does not render appellant's acceptance of the money from Daniel in exchange for drugs (trafficking in drugs), having heroin within his reach (drug possession), and using his car as a criminal tool to facilitate the drug transaction (possession of criminal tools) a nullity. Daniel's affidavit does not "disclose a strong probability that it will change the result if a new trial is granted." Because appellant's newly discovered evidence does not meet the requirements under Petro, the trial court did not abuse its discretion in denying appellant's motion for new trial and not holding an evidentiary hearing. Appellant's third assignment of error is overruled and appellant's conviction is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Rocco, J., concur.