JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jerry Muszynec, appeals from his conviction and sentence for drug possession, a fifth-degree felony, in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm the trial court's finding of guilty; however, we vacate the sentence and remand the matter for resentencing.
 {¶ 2} On February 8, 2005, Muszynec was indicted on one count of possession of drugs in violation of R.C. 2925.11. The indictment charged that on January 3, 2005, Muszynec "unlawfully did knowingly obtain, possess, or use a controlled substance, to-wit: Cocaine, a Schedule II drug, in an amount less than five grams." Muszynec's co-defendant, Theresa Ferguson, was charged under the same indictment.
 {¶ 3} Following a hearing on a motion to suppress that was denied by the trial court, the case proceeded to a jury trial. Detective Bernard Norman testified that on January 3, 2005, he was investigating a complaint regarding a possible crack house at 2037 West 44th Street in Cleveland. Detective Norman stated he knocked on the door and was met by the owner, James Rodgers. After Detective Norman introduced himself and explained that the police were there to investigate a complaint, Rodgers invited the police inside.
 {¶ 4} Detective Rowland Mitchell testified that he was assisting Detective Norman with the complaint. He confirmed that Rodgers answered the door and invited the officers inside. He stated that there were people scattered throughout the house.
 {¶ 5} Detective Norman observed a group of nine people who were sitting in the living room. He recognized one of the females, Theresa Ferguson, as a local prostitute whom he had arrested on numerous occasions. He stated she had a crack pipe and threw it on the ground. Detective Norman also observed Muszynec sitting in a chair with a table in front of the chair. On the table was an ashtray with a crack pipe in it. Muszynec was sitting in closest proximity to the crack pipe. Detective Norman testified that the crack pipe was "right in front of the defendant." The residue that was found inside of the pipe tested positive for cocaine.
 {¶ 6} Although Rodgers had stated that it was his crack pipe, Detective Norman testified that it was common at a crack house for there to be a crack pipe that everybody uses when they come over. Detective Norman referred to the crack pipe as a form of "community property." No fingerprints were taken from the pipe.
 {¶ 7} Detective Norman indicated that Muszynec stated that "he had been smoking crack for about four months, that he had a bad problem with it, and that he had been there actually at that house smoking crack that particular day." This testimony was consistent with Detective Norman's testimony at the suppression hearing where he testified Muszynec had stated that "he had been smoking crack for about four months and that he was there at the apartment smoking crack that day and that things had gotten out of control, and he needed some help."
 {¶ 8} On cross-examination, Detective Norman was further questioned about Muszynec's statements. Detective Norman stated that the crack pipe was in front of the defendant who "at some point in time used it to smoke crack." Detective Norman also indicated that "[Muszynec] said he used that pipe to smoke. I can't say on that day or that location." When asked what exactly Muszynec had stated, Detective Norman responded, "He said that he had been smoking crack for four months, and he had a bad problem." Detective Norman elaborated further, stating as follows: "I called [Muszynec] into the other room and I said, `What are you doing here?' And he said, `I was smoking for four months. I am out of control.' And I said, `That is the pipe there that you were using?' And he says, `Yes.' That pipe was right in front of him, so it was pretty obvious that it was the case."
 {¶ 9} Muszynec testified that Rodgers' roommate Bob answered the door for the police. Muszynec claimed the police entered with raised guns drawn and started to turn the lights on and told everyone to get on the floor. Muszynec stated Detective Norman picked him up, frisked him, and moved him to the dining room to be interviewed. He denied talking to the officers about a crack pipe. He claimed the officers were roaming around the house and found two crack pipes, which Rodgers admitted were his.
 {¶ 10} At the conclusion of trial, the jury rendered a verdict of guilty against Muszynec. The trial court sentenced Muszynec to a ten-month prison term to be served consecutive to a term imposed for violating conditions of community control in lower court case number CR 420764.
 {¶ 11} Muszynec filed this appeal, raising two assignments of error for our review. His first assignment of error provides as follows:
 {¶ 12} "Assignment of Error I: Appellant was deprived of his federal constitutional rights to due process and a fair trial and Article I, Section 10 of the Ohio Constitution when the court denied his motion for a mistrial based on the state's violation of its discovery obligations."
 {¶ 13} Muszynec argues that the state failed to disclose all of his oral unrecorded statements made to police pursuant to Crim.R. 16(B)(1)(a). This rule provides that "written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer" are subject to disclosure when the existence of the statement is known, or by the exercise of reasonable diligence may become known, to the prosecuting attorney. Crim.R. 16(B)(1)(a)(ii).
 {¶ 14} In its response to Muszynec's request for discovery, the state disclosed that "Defendant made an oral statements [sic]. Defendant stated he had been smoking crack for 4 months and needed help for his addiction." However, at trial, Detective Norman's testimony included additional statements by Muszynec that "he had been there actually at that house smoking crack that particular day" and "he said that he at some point in time used it to smoke crack, and that he had it under his control." Detective Norman had offered similar testimony at the suppression hearing where he testified on cross-examination that Muszynec stated he had been "at that house smoking crack that day." Muszynec argues that he should have been granted a mistrial because of the state's failure to disclose these statements.
 {¶ 15} In denying Muszynec's motion for a mistrial, the trial court stated: "[T]he detective testified to something * * * in addition to what was made in the original statement. Now, while there is an element of surprise there, it doesn't rise to the level of a mistrial. You had the opportunity to cross-examine this detective, and at great length, and the detective indicated that is, indeed, what the defendant said. This isn't something that the prosecution knew about * * *. Well, given the tests for a mistrial, it certainly doesn't rise to that level."
 {¶ 16} Muszynec argues that the trial court erred by denying a mistrial. Initially, we must point out that a mistrial is not mandated where a discovery violation occurs. Crim.R. 16(E)(3) vests the trial court with broad discretion in determining an appropriate sanction for failing to disclose material subject to a valid discovery request. State v. Wiles (1991),59 Ohio St.3d 71, 79. Reversible error exists only where the trial court abuses its discretion in exercising this authority. Id. Further, the decision to grant or deny a mistrial rests within the sound discretion of the trial court and a mistrial should be declared only when the ends of justice so require and a fair trial is no longer possible. State v. Weir, Hamilton App. No. C-050236,2006-Ohio-4127. As discussed below, we cannot say that Muszynec was deprived of a fair trial by the admission of his statements or that the trial court abused its discretion by denying a mistrial.
 {¶ 17} Our review of the record reflects that the state committed a discovery violation. Although there is nothing in the record to suggest that the prosecution was aware of the nondisclosed statements, it is clear that Detective Norman would have been aware of the statements at the time they were made to him. Because "[t]he police are a part of the state and its prosecutional machinery," the knowledge of the detective must be imputed to the state. State v. Wiles, 59 Ohio St.3d 71, 78, quoting State v. Tomblin (1981), 3 Ohio App.3d 17, 18. Accordingly, we find that the state failed to comply with Crim.R. 16(B)(1)(a)(ii). This case highlights the importance for law enforcement officers to make a complete record of statements made by defendants, which, in turn, enables the prosecutor to comply with the rules of discovery and eliminates surprise testimony at trial and the possible exclusion of the statement(s) at trial.
 {¶ 18} Next, we must consider whether the admission of the statements constitutes reversible error. The Ohio Supreme Court has held a trial court does not abuse its discretion in admitting such nondisclosed evidence unless it is shown that "(1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice." State v.Jackson, 107 Ohio St.3d 53, 79, 2005-Ohio-5981, citing State v.Parson (1983), 6 Ohio St.3d 442, 445; State v. Wiles,59 Ohio St.3d at 79; State v. Heinish (1990), 50 Ohio St.3d 231, 236. Applying this tripartite test, we find Muszynec has failed to establish reversible error in this case.
 {¶ 19} First, despite the fact that Detective Norman's knowledge of the nondisclosed statement is imputable to the prosecution for purposes of determining a violation of Crim.R. 16, such imputed knowledge is not sufficient to constitute a willful violation thereof. See State v. Wiles,59 Ohio St.3d at 79. Instead, we must consider the acts of the prosecution itself in making the determination of whether the prosecution "willfully" failed to disclose the statements. See Id. From the record before us, there is no indication that the prosecution willfully failed to disclose Muszynec's statement. Indeed, the state indicates that it was not aware of the statement and was under the presumption that all statements were included in the police report and case packet that the police provided to the state.
 {¶ 20} Second, although Muszynec argues that foreknowledge of the statement would have benefited his defense preparation in that he could have subpoenaed other witnesses that were present in the room the night in question, Muszynec was not prevented from calling other witnesses in his defense in the first place, and a bald assertion to this effect is insufficient to demonstrate reversible error. See Id.
 {¶ 21} Third, we do not find Muszynec was prejudiced by the admission of the statements. As stated in State v. Wiles,59 Ohio St.3d at 80: "[N]o prejudice to a criminal defendant results where an objection is made at trial to the admission of nondisclosed discoverable evidence on the basis of surprise but no motion for a continuance is advanced at that time. In the instant case, appellant sought the most stringent sanction available for violation of Crim.R. 16 even though a continuance would have remedied any harm resulting therefrom." (Internal citations omitted.) Indeed, the only remedy sought by Muszynec in this case was a mistrial. Crim.R. 16(E)(3) provides other remedies for discovery violations. Pursuant to the rule, "the court may order [the non-complying] party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 22} Notwithstanding the fact that no other remedies were sought, we do not find the introduction of the statements to have been prejudicial to Muszynec. Even in the absence of the statement establishing that Muszynec was smoking crack that day, there was sufficient circumstantial evidence upon which to convict him.[1] Muszynec was convicted of possession of drugs in violation of R.C. 2925.11. R.C. 2925.11(A) states, "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession may be proven by evidence of actual physical possession or constructive possession where the contraband is under the defendant's dominion or control. Statev. Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828. Constructive possession may be proven by circumstantial evidence alone. Statev. Taylor (1997), 78 Ohio St.3d 15, 1997-Ohio-243. A defendant's mere presence in an area where drugs are located is insufficient to demonstrate that the defendant constructively possessed the drugs. State v. Cola (1991), 77 Ohio App.3d 448, 450; see, also, Cincinnati v. McCartney (1971), 30 Ohio App.2d 45, 47-48. However, evidence that the illicit drugs were within the defendant's reach may support a finding of constructive possession. See, e.g., State v. Stewart, Cuyahoga App. 83428,2004-Ohio-4073; State v. Triplett, Cuyahoga App. No. 84064,2004-Ohio-4230; State v. Moore, Butler App. No. CA2005-08-366,2006-Ohio-4556 (finding readily accessible drugs found on table in front of the defendant and in close proximity to him constituted circumstantial evidence of constructive possession).
 {¶ 23} In this case, the jury heard testimony that the officers were investigating a crack house, that Muszynec was found sitting at a table with a crack pipe directly in front of him and in closest proximity to the pipe, that the residue in the pipe tested positive for cocaine, and that Muszynec had been smoking crack for four months and had an addiction. This circumstantial evidence was sufficient to convince the average mind of the defendant's guilt beyond a reasonable doubt and to sustain a criminal conviction.
 {¶ 24} We conclude that although there was a violation of Crim.R.16, the failure to exclude such testimony did not amount to reversible error or deprive Muszynec of a fair trial such that a mistrial was warranted. Muszynec's first assignment of error is overruled.
 {¶ 25} Muszynec's second assignment of error provides the following:
 {¶ 26} "Assignment of Error II: The consecutive sentences that the trial court imposed based on findings made in accordance with an unconstitutional sentencing scheme were erroneous and must be vacated."
 {¶ 27} In light of the recent decision of the Supreme Court of Ohio in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacate Muszynec's entire sentence and remand the case for a new sentencing hearing.
 {¶ 28} The Foster court found that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. The Foster holding applies to all cases on direct review. Id. Because the trial court sentenced Muszynec under unconstitutional statutory provisions, he must be resentenced.
 {¶ 29} On remand, the parties may stipulate to the sentencing court's acting on the record before it. Id. The trial court shall consider those portions of the sentencing code that are unaffected by Foster and has full discretion to impose a prison term within the statutory range. Id. The trial court is not barred from imposing consecutive sentences. Id.
 {¶ 30} Accordingly, we sustain Muszynec's second assignment of error. We further find Muszynec's argument that Foster
violates his right against ex post facto legislation to be premature. This issue is not ripe for our review, because Muszynec has not yet been sentenced under Foster. See State v.Chambers, Cuyahoga App. No. 87221, 2006-Ohio-4889; State v.Ervin, Cuyahoga App. No. 87333, 2006-Ohio-4498.
 {¶ 31} This matter is affirmed as to the trial court's finding of guilty; sentence vacated and case remanded for resentencing.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Rocco, J., concur.
[1] "`[C]ircumstantial evidence is sufficient to sustain a criminal conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" Statev. McKnight, 107 Ohio St.3d 101, 113, 2005-Ohio-6046, quotingState v. Heinish (1990), 50 Ohio St.3d 231, 238.