[Cite as *State v. Rammel*, 2013-Ohio-3045.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 24871 |
| Plaintiff-Appellee | : | 24872 |
| | : | |
| v. | : | Trial Court Nos. 11-CR-435 |
| | : | 10-CR-3732 |
| MATTHEW RAMMEL | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

E. KELLY MIHOCIK, Atty. Reg. #0077745, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Matthew Rammel appeals from his conviction and sentence

for Burglary, Receiving Stolen Property, and Breaking and Entering.   Rammel contends that his

sentence is contrary to law and void, because the trial court failed to sentence him pursuant to the reduced penalties and required findings for consecutive sentences in 2011 Am.Sub.H.B. No. 86 (H.B. 86). Rammel further contends that he received ineffective assistance of trial counsel when his counsel failed to ask the trial court to sentence Rammel pursuant to H.B. 86.

{¶ 2}    We conclude that the trial court's failure to apply H.B. 86 to Rammel resulted in a sentence that is contrary to law and void. Accordingly, the sentencing portion of the judgment of the trial court is Vacated, and the cause is Remanded for re-sentencing. The trial court's judgment of conviction is Affirmed.

## I. Rammel Commits a Series of Burglaries

{¶ 3}    In September and October 2010, Matthew Rammel burglarized two homes on Croftshire Drive in Kettering. In early November, he burglarized two more Kettering homes on Harwich Court. Later that month, Rammel burglarized one of the Croftshire Drive homes a second time.

{¶ 4}    The police recovered property that had been taken during the burglaries when they executed search warrants at both Rammel's home and the home of his girlfriend. After the search of Rammel's apartment, Kettering Police Detective Walker informed Rammel that he was under arrest for Burglary and Receiving Stolen Property.

{¶ 5}    Detective Walker later interviewed Rammel. Detective Walker advised Rammel of his *Miranda* rights, which Rammel waived. During the ensuing interview, Rammel made several admissions to Detective Walker. After twenty or thirty minutes of questioning, Rammel stated, "I don't want to incriminate myself any more. I just want to remain silent." The

interview ended at that point.

## II. Course of the Proceedings

{¶ 6}   In December 2010, Rammel was indicted on one count each of Burglary and Receiving Stolen Property, under Montgomery County Case Number 10-CR-3732.   In February 2011, Rammel was indicted under Montgomery County Case Number 11-CR-435 on ten counts of Receiving Stolen Property and three counts of Burglary.   Later that month, Rammel filed a motion to suppress, which the trial court overruled following a hearing.

{¶ 7}   In June 2011, Rammel filed a motion to sever the Burglary charges from the Receiving Stolen Property charges.   The State opposed Rammel's motion and requested that all of the counts under both case numbers be tried together. The trial court overruled Rammel's motion to sever and granted the State's motion for joinder of the indictments.

{¶ 8}   In August 2011, Rammel was charged under a "B" indictment in Case Number 11-CR-435 with an additional count of Burglary.   Pursuant to a negotiated plea agreement, Rammel pled no contest to all sixteen of the pending charges in both case numbers.   In exchange, the State agreed to a sentence within the range of five to eight years. On the day of sentencing, Rammel also pled no contest to a charge of Breaking and Entering, presented by way of bill of information, with the understanding that his sentence would remain in the five-to-eight-year range.   The trial court sentenced Rammel to an aggregate term of eight years in prison, which included five-year sentences on the Burglary counts and eighteen-month sentences on the Receiving Stolen Property counts.   The trial court ran the five-year Burglary sentences concurrent with each other, but consecutive to the two eighteen-month Receiving Stolen Property

sentences, which the trial court also ordered to be served consecutively to one another, resulting in a total prison term of eight years.

{¶ 9} Rammel appealed, raising four assignments of error, challenging the trial court's decision to join, not sever, the offenses, the trial court's denial of the motion to suppress, the trial court's imposition of consecutive sentences, and the trial court's failure to consider the principles of sentencing and recidivism. On August 17, 2012, we overruled all four assignments of error and affirmed the judgment of the trial court. *State v. Rammel*, 2d Dist. Montgomery Nos. 24871, 24872, 2012-Ohio-3724.

{¶ 10} Rammel filed an App.R. 26(B) application to re-open his direct appeal on a claim of ineffective assistance of appellate counsel, contending that because the trial court did not apply H.B. 86 when sentencing him, his sentence was not authorized by law. In particular, Rammel challenged the maximum term that could be imposed for his third-degree felony Burglary convictions and the trial court's imposition of consecutive sentences without making the new statutorily-required findings. We found that Rammel had demonstrated a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal. Consequently, we granted Rammel's application to re-open his direct appeal and confined the re-opened appeal to the issue of the validity of Rammel's sentence.

### III. The Sentences Imposed on Rammel Are Contrary to Law and Void

{¶ 11} Rammel's Second Assignment of Error states:

THE TRIAL COURT'S FAILURE TO APPLY H.B. 86 TO MR. RAMMEL RESULTED IN SENTENCES THAT ARE CONTRARY TO LAW

AND ARE VOID.

### A. H.B. 86 Applies to Rammel

{¶ 12} The General Assembly expressly provided in Section 4 of H.B. 86 that the amendments to R.C. 2929.14(A) "apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58(B) states that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 13} Rammel committed his offenses prior to September 30, 2011, the effective date of H.B. 86. Furthermore, Rammel's sentencing hearing took place on September 29, 2011, prior to the effective date of H.B. 86. However, the trial court did not journalize Rammel's sentence until October 17, 2011, after the effective date of H.B. 86. Consequently, the issue before us is whether the date of the sentencing hearing or the date a sentence is journalized controls for the purposes of determining whether H.B. 86 applies to a defendant.

{¶ 14} The First District Court of Appeals recently addressed this identical issue in *State v. Jones*, 1st Dist. Hamilton No. C-110603, 2012-Ohio-2075. The First District wrote, at ¶ 11:

> The record reflects that while the trial court held [defendant's] sentencing hearing on September 22, 2011, it did not journalize its judgment entry until October 7, 2011. Although raised by neither [defendant's] counsel nor the state, we note that Am.Sub.H.B. No. 86 was enacted on June 29, 2011, and became effective September 30, 2011. Because a trial court speaks only through its

docket and journal entries, [defendant] was not sentenced until the trial court's sentencing entry had been journalized. *See*, *e.g.*, *State v. Miller*, 127 Ohio St.407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. Consequently, Am.Sub.H.B. No. 86 was in effect at the time [defendant] was sentenced.

{¶ 15} We agree with the reasoning of the First District in *Jones*. A trial court speaks only through its docket and journal entries, which in this case means a defendant's punishment is imposed on the date a sentencing court journalizes its sentencing entry, not the date on which the sentencing court conducts a sentencing hearing and orally pronounces sentence. Consequently, Rammel fits within the R.C. 1.58(B) exception provided in Section 4 of H.B. 86. While Rammel committed the Burglary offense prior to the effective date of H.B. 86, he was not sentenced until October 17, 2011, when the trial court journalized his sentence. Therefore, the trial court should have sentenced Rammel pursuant to H.B. 86.

### B. Rammel's Sentence Is Contrary to H.B. 86 and Is Therefore Void

{¶ 16} H.B. 86, among other things, amended R.C. 2929.14(A) to reduce the maximum prison sentence for certain third-degree felony offenses from five years to three years and amended R.C. 2929.14(C) to require trial courts to make findings before imposing consecutive sentences. Specifically, R.C. 2929.14(A)(3)(b) decreases the range of penalties for most felonies of the third degree, including Burglary, to 9, 12, 18, 24, 30, or 36 months. R.C. 2929.14(A)(3)(a) maintains the maximum 60-month penalty for the following offenses: aggravated vehicular homicide, aggravated vehicular assault, vehicular assault, sexual battery, or unlawful sexual conduct with a minor, or robbery or burglary if the offender previously has been

convicted of or pleaded guilty in two or more separate proceedings to two or more aggravated-robbery, robbery, aggravated-burglary, or burglary offenses.

{¶ 17} Furthermore, after September 30, 2011, R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 18}**   The parties agree that the trial court did not apply H.B. 86 to Rammel.   We have reviewed the sentencing transcript and sentencing entry and agree that the trial court applied the pre-H.B. 86 penalties to Rammel.   As a result of the trial court's failure to apply H.B. 86, Rammel was sentenced to five years in prison on his Burglary counts, despite the fact that the maximum allowed under H.B. 86 is only three years, unless the trial court found that Rammel previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more aggravated-robbery, robbery, aggravated-burglary, or burglary offenses.   R.C. 2929.14(A)(3)(a).   The court did not make that finding.   Furthermore, the trial court failed to make the required findings set forth in R.C. 2929.14(C)(4) before ordering Rammel to serve his prison terms consecutively.

**{¶ 19}**   By not applying H.B. 86 to Rammel, the trial court imposed sentences on Rammel that are contrary to law.   Based on Ohio Supreme Court precedent, these unlawful sentences are not merely voidable, but void.   *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, and *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.   Therefore, Rammel is entitled to a new sentencing hearing.   *State v. Taylor*, 2d Dist. Greene No. 2011-CA-67, 2013-Ohio-1074, ¶ 25, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 105.

**{¶ 20}**   Rammel's Second Assignment of Error is sustained.

**IV. Rammel's First Assignment of Error Is Overruled as Moot**

{¶ 21}   Rammel's First Assignment of Error states:

MR. RAMMEL'S ATTORNEY WAS INEFFECTIVE BECAUSE HE DID NOT REQUEST THAT MR. RAMMEL BE SENTENCED UNDER H.B. 86.

{¶ 22}   Given our disposition of Rammel's Second Assignment of Error, this assignment of error is moot.   App.R. 12(A)(1)(c).   Therefore, Rammel's First Assignment of Error is overruled as moot.

## V. Conclusion

{¶ 23}   Rammel's Second Assignment of Error having been sustained, that part of the trial court's judgment imposing sentence is Reversed; the judgment is Affirmed in all other respects; and this cause is Remanded for a new sentencing hearing.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
E. Kelly Mihocik
Hon. Mary L. Wiseman