[Cite as *State v. Pugh*, 2014-Ohio-3359.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25223 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-4050 |
| v. | : | |
| | : | |
| JOHN W. PUGH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of August, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

KATE L. BOWLING, Bowling Law Office, L.L.C., 111 West First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     This matter comes before us on John W. Pugh's reopened appeal from his

conviction and sentence on three counts of aggravated robbery with firearm specifications.[1]

{¶ 2}     In his sole assignment of error, Pugh contends that the trial court erred in imposing partially consecutive sentences without making the requisite findings under R.C. 2929.14(C)(4) and that his appellate counsel rendered ineffective assistance by failing to raise that issue in his prior direct appeal. For its part, the State concedes the alleged error and acknowledges that a remand is necessary. We agree.

{¶ 3}     Before imposing the partially consecutive sentences, the trial court was required to find: (1) "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's

---

[1]In March 2013, this court affirmed Pugh's convictions on direct appeal. *See State v. Pugh*, 2d Dist. Montgomery No. 25223, 2013-Ohio-1238. Thereafter, in November 2013, this court granted his application to reopen the direct appeal to challenge the trial court's failure to make the findings required for the imposition of partially consecutive sentences.

conduct.(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 4}     The trial court did not make any of the foregoing findings.[2] (Tr. Vol. IV at 594-598). Accordingly, the matter must be remanded for resentencing. The assignment of error is sustained. The trial court's judgment is reversed with regard to Pugh's sentence, and the cause is remanded for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to enter the necessary findings on the record. The trial court's judgment is affirmed in all other respects.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Kate L. Bowling
Hon. Gregory F. Singer

---

[2] The effective date of R.C. 2929.14(C)(4), which was part of H.B. 86, was September 30, 2011. Pugh committed two of his aggravated robberies after that date and one before it. The requirements of R.C. 2929.14(C)(4) applied to all of his offenses, however, because he was sentenced after September 30, 2011. *State v. Rammel*, 2d Dist. Montgomery Nos. 24871, 24872, 2013-Ohio-3045, ¶ 15, 18.